IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Ra Amon El ) | |
| Ramon D. Lowe Auth. Rep. ) | |
| Natural Person Sui Juris ) | |
| Ex Relatione: RAMON D. LOWE ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 19-2302 (MN) |
| ) | |
| DE State Troop #6 Actors, Officer Carroll ) | |
| 450, et al., ) | |
| ) | |
| Defendants. ) | |

**<u>MEMORANDUM OPINION</u>**

Ramon D. Lowe, New Castle, Delaware, Pro Se Plaintiff.

May  4, 2020
Wilmington, Delaware

**NOREIKA, U.S. District Judge:**

## I. INTRODUCTION

Plaintiff Ra Amon EL Ramon D. Lowe ("Plaintiff") filed this action on December 19, 2019, alleging violations of his civil rights. (D.I. 2, 5). He appears *pro se* and has been granted leave to proceed *in forma pauperis.* (D.I. 4). Plaintiff asserts jurisdiction by reason of a federal question under 28 U.S.C. § 1331. The Court proceeds to screen the matter pursuant to 28 U.S.C. § 1915(e)(2)(B).

## II. BACKGROUND

Plaintiff alleges conspiracy of his right to travel in violation of federal criminal statutes 18 U.S.C. § 1001 (fraud and false statements), § 454,[1] § 1091 (genocide), § 242 (deprivation of rights under color of law), and § 241 (conspiracy against rights), as well as Executive Order HR 1242,[2] and silent deception. (D.I. 2 at 3, 7). Attached to the Complaint are two exhibits. One is a "special appearance writ of habeas corpus *in forma pauperis*" that refers to a June 17, 2019 arbitration, alleges that the Department of Motor Vehicles ("DMV") uninsured motorist section violates 18 U.S.C. § 1001, 454, 1091, 242, and 242, and seeks compensatory damages for conspiracy. (D.I. 2-1 at 2-4). The other exhibit is an "affidavit of fact affiant's motion to dismiss" which appears to be a motion dismiss filed in Delaware Justice of the Peace Court 10, to dismiss the November 16, 2019 traffic citation discussed below and that also seeks damages in the instant case. (*Id.* at 5-10).

---

[1] The Federal Criminal Code does not contain a Section 454.

[2] Presumably Plaintiff refers to H.R. 1242, the "400 years of African-American History Commission Act," which established a commission to commemorate the 400th anniversary of the arrival of African-Americans in the United States. *See* https://www.whitehouse.gov/briefings-statements (last visited Apr. 30, 2020).

In June 2018, Plaintiff went to the DMV for a name change and status correction. (*Id*. at 6). He also wanted a non-commercial driver's license and tags at no charge "per UCC exemption code." (*Id*.). When the DMV employee "pretended" not to know what Plaintiff was talking about, Plaintiff asked for a supervisor and was given the telephone number of Defendant Jana Simpler ("Simpler"). (*Id*.). Plaintiff alleges that Simpler hung up on him, he called back, and asked to speak to her supervisor Defendant Shelly Koom ("Koom"). (*Id*.). Plaintiff alleges that Koom also pretended not to know what Plaintiff was talking about, became frustrated, told him to write a letter, and also hung up on him. (*Id*.). Plaintiff wrote two letters and did not receive a response. (*Id*.). He alleges that "they" suspended his right to travel and unregistered his tags that are good until September 2020.[3] (*Id*.).

Plaintiff alleges that on November 16, 2019, Defendant Delaware State Police Trooper Officer Carroll ("Carroll") stopped him without probable cause. (*Id*. at 4). When Plaintiff asked the reason for the stop, Carroll told him that she did not need a reason to stop him. (*Id*.). Plaintiff alleges there were eight to ten agents on the scene. (*Id*. at 5). He asked for their names, but they refused. (*Id*.). Plaintiff alleges that he was forced from his vehicle at gun point and had to take a bus home. (*Id*.). Plaintiff does not indicate whether he received traffic citations, but it appears this is the case based upon other allegations.

The next day, Plaintiff telephoned the office of Defendant Delaware State Troop #6 ("Troop #6) to speak with a shift supervisor. (*Id*.). He spoke to Carroll who told him the supervisor

---

[3]  In Plaintiff's special appearance writ of habeas corpus he states that he is not a commercial driver and, therefore, is not required to maintain a license or insurance. (D.I. 2-1 ¶ 3). It also states that Plaintiff requires the "department of safety to provide at no cost to all non commercial automobile and non commercial conveyance owners a decal and identification card that states the holder is exempt from registering his or her private conveyance under the UCC code exemption for consumer goods and household goods. (*Id*. ¶ 4).

2

was out. (*Id*.). Plaintiff made repeated telephone calls that day, but the supervisor did not return his calls. (*Id*.). On November 18, 2019, Plaintiff went to the Troop #6 office and spoke with Defendant Agent Warner ("Warner), and Warner refused to take Plaintiff's complaint. (*Id*.). Plaintiff returned to the Troop #6 office on November 20, 2019 to file a complaint. (*Id*.). Defendant Agent Kevin Mack ("Mack") refused to take the complaint and called his supervisor Defendant Captain Jennifer Griffin ("Griffin"). (*Id*.). Griffin did not take Plaintiff's complaint. (*Id*.).

On December 18, 2019, Plaintiff appeared in the Justice of the Peace Court before Defendant Magistrate Shelley Losito ("Magistrate Losito"). (*Id*.). The charges were dismissed, and Magistrate Losito advised Plaintiff to return to Troop #6 and file a complaint. (*Id*.). Plaintiff did so, Mack refused to help Plaintiff, an unnamed male supervisor was called and, again, Plaintiff's complaint was not taken. (*Id*. at 5-6). Plaintiff told the officers at Troop #6 that the charges against him had been dismissed, and he wanted his car returned. (*Id.* at 6). Plaintiff's car was not released, and the supervisor refused to take Plaintiff's complaint. (*Id*.).

On December 19, 2019, Plaintiff went to the office of Defendant First State Towing ("First State") to have it release his car. (*Id*.). Plaintiff was informed that his car would not be released until he paid the towing and storage fees. (*Id*.). Plaintiff's supplement to the Complaint indicates that as of January 13, 2020, he had yet to take possession of his vehicle. (D.I. 5 at 2). Plaintiff alleges that he contacted First State on three occasions, spoke with Defendants Artie ("Artie") and Kathleen ("Kathleen"), and informed them he had no contract with their corporation, and he wanted his vehicle returned at no cost. (*Id*.). On January 16, 2019, Plaintiff was informed that First State would either crush his property or sell it for parts. (*Id*.). Other First State defendants

include its President Katherine Morris ("K. Morris") and Vice-President George Morris ("G. Morris").

Plaintiff seeks compensatory damages. He also asks that criminal charges be brought against Carroll for grand theft auto, First State Towing, K. Morris, G. Morris, Artie, and Kathleen for receiving stolen property, and Magistrate Losito for bank fraud. (D.I. 2 at 7; D.I. 5 at 3).

### III. LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citations omitted).

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, __ F.3d. __, No. 19-1684, 2020 WL 1982194, at *4 (3d Cir. Apr. 27, 2020) (quoting *Neitzke v. Williams*, 490 U.S. 319, 331 (1989)); *see also Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112 (3d Cir. 2002). "Rather, a claim is frivolous only where it depends 'on an "indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario.'" *Dooley v. Wetzel*, 2020 WL 1982194, at *4 (quoting *Mitchell v. Horn*, 318 F.3d 523, 530 (2003) and *Neitzke*, 490 U.S. at 327-28).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when deciding Rule 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). Before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, however, the Court must grant a plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d at 114.

A complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Though "detailed factual allegations" are not required, a complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (internal quotation marks omitted). In addition, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Twombly*, 550 U.S. at 570). Finally, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10 (2014). A complaint may not be dismissed for imperfect statements of the legal theory supporting the claim asserted. *See id*. at 10.

Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must

plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, the court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *See Iqbal*, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## IV. DISCUSSION

### A. Right to Travel

With regard to the DMV employees, Plaintiff alleges that he sent two letters "they" never responded to, his right to travel was suspended, and his tags were unregistered. The Complaint does indicate who, if any, of the named DMV employee defendants, engaged in any unlawful act. Because the Complaint does not allege the requisite personal involvement of any DMV employee as is required under 42 U.S.C. § 1983, the claim necessarily fails.[4] *See Sutton v. Rasheed*, 323 F.3d 236, 249 (3d Cir. 2003) (quoting *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) ("A defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable.).

---

[4] The Complaint does not refer to 42 U.S.C. § 1983. When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Liberally construing the allegations as the Court must, Plaintiff alleges DMV employees (*i.e.*, state actors) violated his constitutional right to travel and, thus, implicates an action under § 1983.

6

In addition, the claim is frivolous. While the right to travel includes "the right of a citizen of one State to enter and to leave another State," the "exact 'contours' of that right remain elusive." *Owner Operator Independent Drivers Assoc., Inc. v. Pennsylvania Turnpike Comm'n*, 934 F.3d 283, 294 (3d Cir. 2019) (citations omitted). In addition, the constitutional right to travel does not restrict the State from regulating the use of its roads as a matter of its police powers. *See United States v. Guest*, 383 U.S. 745, 759 n.17 (1966). Notably, the Supreme Court has recognized the power of states to regulate the use of motor vehicles, including requirements for registration and licenses. *Hendrick v. State of Maryland*, 235 U.S. 610, 622 (1915).

While not clear, it appears that Plaintiff did not pay required DMV fees based upon his belief that he is exempt from payment. Plaintiff's right to travel, however, was not violated by either his failure to pay the required fee or the non-waiver of the fee by the DMV. The claim is frivolous and will be dismissed.

### B.   Unlawful Traffic Stop

The Complaint alleges in a conclusory manner that Plaintiff was stopped by Carroll on November 16, 2019 without probable cause. "The Fourth Amendment prohibits unreasonable searches and seizures by the Government, and its protections extend to brief investigatory stops of persons or vehicles that fall short of traditional arrest." *United States v. Arvizu*, 534 U.S. 266, 273 (2002) (quotation marks omitted). A traffic stop is constitutional so long as it is supported by probable cause or reasonable suspicion to believe that a traffic violation has been committed, even if the stop is a pretext for an investigation of some other crime. *See United States v. Mosley*, 454 F.3d 249, 242 (3d Cir. 2006).

The Complaint baldly alleges there was no probable cause without factual allegations to support the conclusory assertions. The claim, therefore, fails and will be dismissed *See Iqbal*,

7

556 U.S. at 678 ("The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."). Because it is plausible that Plaintiff could state a claim upon amendment, he will be given leave to amend the claim against Carroll.

### C. Taking of Property

Plaintiff alleges Carroll took his vehicle and First State and Towing and its employees received his stolen property. The taking of property claims are not cognizable under 42 U.S.C. § 1983. To the extent Plaintiff alleges a due process claim based on the deprivation of his personal property, it is not actionable under § 1983 unless there is no adequate post deprivation remedy available. *See Parratt v. Taylor*, 451 U.S. 527, 542 (1981), *overruled on other grounds* by 474 U.S. 327 (1986)); *Harris v. McMullen*, 609 F. App'x 704, 705 (3d Cir. 2015). Because Delaware provides an adequate remedy by filing a common law claim for conversion of property, Plaintiff cannot maintain a cause of action pursuant to § 1983. *Harris*, 609 F. App'x at 705; *see also Affordable Autos, Inc. v. Dietert*, 2016 WL 1169244 (Del. Super. Ct. Mar. 24, 2016); *Stickney v. Goldstein*, 2002 WL 31999358 (Del. Ct. Com. Pl. Mar. 14, 2002). The claim will be dismissed.

### D. Civilian Complaint

Plaintiff alleges that on numerous occasions he tried to make a formal complaint at the office of State Troop #6 without success. The government is not required to respond to a petition from a citizen, nor act on it or adopt a citizen's view. *Apple v. Glenn*, 183 F.3d 477 (6th Cir. 1999) (affirming the district court's *sua sponte* dismissal of a claim that the government did not answer the plaintiff's many letters or take the action requested in those letters), Indeed, "[n]o right, privilege or immunity guaranteed by the Constitution or the laws of the United States is implicated

8

by a civilian complaint to a police department." *Johnson v. Police Officer #17969*, No. 99-CV-3964, 2000 WL 1877090, at *6 (S.D.N.Y. Dec. 27, 2000), *aff'd*, 19 F. App'x 16 (2d Cir. 2001) (dismissing claim that no police official accepted plaintiff's assault complaint concerning an officer). And, neither the Constitution nor the laws of the United States requires a police department or police official to take a civilian complaint. *Jefferson v. Koenig*, 2016 WL 8711374, at *7 (E.D.N.Y. 2016).

This claim fails to allege that Plaintiff's constitutional rights were violated. Therefore, it will be dismissed.

### E. Conspiracy

While not specifically alleging conspiracy, Plaintiff seeks compensatory damages "per each conspiracy per person plus/or entity or entities. (D.I. 2 at 7). To the extent Plaintiff alleges conspiracy under 42 U.S.C. § 1983, the claim is pled in a conclusory manner.

To state a conspiracy claim under § 1983, Plaintiff must show that "persons acting under color of state law conspired to deprive him of a federally protected right." *Gannaway v. Berks Cty. Prison*, 439 F. App'x 86, 93 (3d Cir. 2011). "[T]he linchpin for conspiracy is agreement." *Id.* (quoting *Bailey v. Board of Cty. Comm'rs*, 956 F.2d 1112, 1122 (11th Cir. 1992). There are no supporting facts to show that Plaintiff was deprived of a federal right or that Defendants had an agreement, implicit or otherwise, to deprive Plaintiff of his federal rights. The claim is frivolous and will be dismissed.

### F. Eleventh Amendment Immunity

Delaware State Police Troop #6, a named defendant, is immune from suit. "Absent a state's consent, the eleventh amendment bars a civil rights suit in federal court that names the state as a defendant." *Laskaris v. Thornburgh*, 661 F.2d 23, 25 (3d Cir. 1981) (citing *Alabama v. Pugh*,

438 U.S. 781 (1978) (*per curiam*)). The State of Delaware has not waived its sovereign immunity under the Eleventh Amendment. *See Jones v. Attorney Gen. of Delaware*, 737 F. App'x 642, 643 (3d Cir. 2018). In addition, Troop #6 "is not a person" subject to claims under 42 U.S.C. § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). The claim against Troop #6 will be dismissed based upon its immunity from suit.

### G. Judicial Immunity

Magistrate Judge Losito is also immune from suit. "A judicial officer in the performance of h[er] duties has absolute immunity from suit and will not be liable for h[er] judicial acts." *Capogrosso v. The Supreme Court of New Jersey*, 588 F.3d 180, 184 (3d Cir. 2009) (quoting *Azubuko v. Royal*, 443 F.3d 302, 303 (3d Cir. 2006)). "A judge will not be deprived of immunity because the action [s]he took was in error, was done maliciously, or was in excess of h[er] authority; rather, [s]he will be subject to liability only when [s]he has acted 'in the clear absence of all jurisdiction.'". *Id*. (citations omitted).

There are no facts to show that Magistrate Losito acted outside the scope of her judicial capacity, or in the absence of her jurisdiction. She is immune from suit and the claims against her will be dismissed.

### H. Criminal Statutes

Finally, Plaintiff asks that criminal charges be brought against individuals involved in the taking of his vehicle. The decision of whether to prosecute, and what criminal charges to bring, generally rests with the prosecutor. *See United States v. Batchelder*, 442 U.S. 114, 124 (1979).

To the extent Plaintiff purports to raise civil claims under criminal statutes, none of the criminal statutes upon which Plaintiff relies authorizes a private cause of action. *See Pondexter v. Secretary U.S. Dep't Hous. and Urban Develop.*, 788 F. App'x 93, 96 (3d Cir. 2019) (plaintiff

lacked private right of action under 18 U.S.C. § 1001); *Saleem v. Helman*, 1997 WL 527769, at *2 124 F.3d 205 (7th Cir. 1997) (table) (no private right of action under 18 U.S.C. § 1091); *Shahin v. Darling*, 606 F. Supp. 2d 525, 539 (D. Del. 2009) (no private right of action under 18 U.S.C. §§ 241 and 242).

The claims are frivolous and will be dismissed.

## V.  CONCLUSION

For the above reasons, the Court will dismiss the Complaint as legally frivolous, for failure to state claims upon which relief may be granted, and based upon Defendants' immunity from suit pursuant 28 U.S.C. § 1915(e)(2)(B)(i), (ii), and (iii). Plaintiff will be given leave to amend only the unlawful traffic stop claim raised against Officer Carroll. Amendment is futile as to all other claims raised by Plaintiff and they will be dismissed with prejudice.

An appropriate Order will be entered.